**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 17, 2025.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| KENNETH WAYNE GAWLIK, | § § | CASE NO. 24-51366-MMP |
| DEBTOR. | § § | CHAPTER 11 |
| | § § | |
| GEORGE RAYMOND GAWLIK, JR., | § § | CASE NO. 24-51369-MMP |
| DEBTOR. | § | CHAPTER 11 |

**OPINION GRANTING MOTION TO CONVERT**

**I.  INTRODUCTION**

On October 8, 2025, the Court heard *Debtor's Motion to Convert to Chapter 11 Case* (Case No. 24-51366, ECF No. 134; Case No. 24-51369, ECF No. 135) and Agnes Ramos's *Response* (Case No. 24-51366, ECF No. 140; Case No. 24-51369, ECF No. 141) in opposition to the *Motion*

1

*to Convert* filed in each of the Debtors' cases[1] and determined the *Motion to Convert* should be granted in each case for the reasons stated on the record. Because no written authority exists in the Western District of Texas on this topic, the Court writes this Opinion to better explain the reasoning for its oral ruling.

At the *Motion to Convert* hearing, argument centered on whether the Bankruptcy Code[2] permits a chapter 12 debtor to convert their case to chapter 11. This Court concludes it does.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1408 and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Opinion serves as this Court's findings of fact and conclusions of law under Federal Rules of Bankruptcy Procedure 7052 and 9014.

## III. BACKGROUND

Pre-petition, Ramos obtained a million-dollar state court judgment holding George Gawlik, Jr. and Kenneth Gawlik (collectively, the "**Gawliks**") jointly and severally liable. This Court later found that judgment debt non-dischargeable in adversary proceedings brought by Ramos against each Debtor. Adv. Proc. No. 24-05079, ECF No. 24; Adv. Proc. No. 24-05080, ECF No. 16.

Recently, the Court found each Debtor was ineligible to be a debtor in chapter 12 because each Debtor's non-farm debt[3] exceeded their farm debt. Case No. 24-51366, ECF No. 132; Case No. 24-51369, ECF No. 133 (collectively, "***Opinion and Order***"). The Court gave each Debtor fourteen days from the entry of its *Opinion and Order* to convert their cases before each case would be dismissed. *Opinion and Order*, p. 18. Each Debtor timely moved to convert and the

---

[1] The Court's references to "each Debtor" refers separately to George Gawlik, Jr. and Kenneth Gawlik. This same Opinion will be filed in each Debtor's bankruptcy cases identified in the style.
[2] All statutory citations and references are to title 11 of the U.S. Code, unless otherwise noted.
[3] That is, debt not arising out of each Debtor's farming operation.

2

Court expedited hearings on each Debtor's *Motion to Convert*. Case No. 24-51366, ECF No. 137; Case No. 24-51369, ECF No. 138.

IV. ANALYSIS
    a.    SECTION 1208

Section 1208(a) grants an absolute right to chapter 12 debtors to convert their case to chapter 7. § 1208(a) ("The debtor may convert a case under this chapter to a case under chapter 7 of this title *at any time*. Any waiver of the right to convert under this subsection is unenforceable.") (emphasis added). Section 1208(d) permits conversion to chapter 7 if parties in interest show the debtor has committed fraud in connection with the case. And § 1208(e) says: "Notwithstanding any other provision of this section, a case may not be converted to a case under *another chapter* of this title unless the debtor may be a debtor under such chapter" (emphasis added). Thus, a fair reading of § 1208 shows that the Bankruptcy Code neither explicitly permits nor explicitly prohibits a debtor in a chapter 12 case from converting to another reorganization chapter (11 or 13).

    b.    CASE LAW

The Fifth Circuit has not waded into the discussion, but three bankruptcy courts within this circuit have considered whether § 1208 allows conversion to a chapter other than chapter 7. *In re Kemp*, Case No. 20-00655, 2021 WL 1941630 (Bankr. S.D. Miss. Feb. 5, 2021) (Olack, J.); *In re Cardwell*, Case No. 17-50307, 2018 WL 4846520 (Bankr. N.D. Tex. Oct. 3, 2018) (Jones, J.); *In re McLawchlin*, 511 B.R. 422 (Bankr. S.D. Tex. 2014) (Isgur, J.). Two of those courts have ruled that a chapter 12 debtor may convert to another reorganization chapter. *Cardwell*, 2018 WL 4846520 (allowing conversion to 11); *McLawchlin*, 511 B.R. 422 (allowing conversion to 13). One court has ruled a chapter 12 debtor can only convert to chapter 7. *Kemp*, 2021 WL 1941630.

3

Courts appear to be split down the middle on this question with one district court and seven bankruptcy courts saying conversion is permitted (*United States v. Lawless (In re Lawless)*, 79 B.R. 850 (W.D. Mo. 1987); *Cardwell*, 2018 WL 4846520; *McLawchlin*, 511 B.R. 422; *In re Vantiger-Witte*, Case No. 5-02931, 2007 WL 3287105 (Bankr. N.D. Iowa Nov. 6, 2007); *In re Miller*, 177 B.R. 551 (Bankr. N.D. Ohio 1994); *In re Vaughan*, 100 B.R. 423 (Bankr. S.D. Ill. 1989); *In re Bird*, 80 B.R. 861 (Bankr. W.D. Mich. 1987); *In re Orr*, 71 B.R. 639 (Bankr. E.D.N.C. 1987) (Small, J.)) and six bankruptcy courts saying conversion is not permitted (*In re Giordano Leonaggeo*, Case No. 23-35092, 2023 WL 3638053 (Bankr. S.D.N.Y. May 24, 2023); *Kemp*, 2021 WL 1941630; *In re Colon*, Case No. 16-0060, 2016 WL 3548821 (Bankr. D.P.R. 2016); *In re Stumbo*, 301 B.R. 34 (Bankr. S.D. Iowa 2002); *In re Roeder Land & Cattle Co.*, 82 B.R. 536 (Bankr. D. Neb. 1988); *In re Christy*, 80 B.R. 361 (Bankr. E.D. Va. 1987)).[4] This Court agrees with the slight majority.

### c. PLAIN READING OF § 1208

The Court begins, as it must, with a plain reading of § 1208. *Moore v. Bryant*, 853 F.3d 245, 252 (5th Cir. 2017). Section 1208(e) shows that Congress *implied* a chapter 12 case could be converted to a chapter 11 or 13 case. Although only specifically referencing chapter 7 in most of the subsections of § 1208, Congress chose to use the more general phrase "another chapter" in subsection (e). § 1208(a), (d), (e). The Court presumes this was done intentionally. *Loughrin v. U.S.*, 573 U.S. 351, 360 (2014) ("Congress said what it meant and meant what it said.").

Section 1208 unambiguously allows a chapter 12 debtor "at any time" to convert their case to a chapter 7 case. § 1208(a); *Lawless*, 79 B.R. at 854. Moreover, § 1208 allows a party in

---

[4] *See also* **In Re Wulf**, 62 B.R. 155 (Bankr. D. Neb. 1986) (using similar reasoning to find that a debtor ineligible for Chapter 13 could not convert to Chapter 11).

interest to petition a bankruptcy court to convert a chapter 12 case to chapter 7. § 1208(d); **Orr**, 71 B.R. at 641. Congress limited conversion in these subsections to only chapter 7, but did not place the same limitation elsewhere, including in § 1208(e). Therefore, Congress implicitly drafted § 1208 to permit, in the bankruptcy court's discretion, a chapter 12 case to convert to another reorganization chapter. This statutory construction is consistent as § 1307(b) explicitly contemplates conversion to chapter 13 from chapter 12. § 1307(b) ("On request of the debtor at any time, *if the case has not been converted under section* 706, 1112, or *1208 of this title*, the court shall dismiss a case under this chapter.") (emphasis added); **Vantiger-Witte**, 2007 WL 3287105, at *1.

If a chapter 12 case could be converted only to chapter 7, as Ramos argues, then why did Congress not say so in § 1208(e)? Congress could have said, ". . . a case may not be converted to a case under chapter 7 of this title unless the debtor may be a debtor under chapter 7." But it didn't. Instead, Congress used the more general phrase "another chapter" to accommodate and include the other chapters a chapter 12 case *may be* converted to. See **Rose v. Select Portfolio Servicing, Inc.**, 945 F.3d 226, 230 (5th Cir. 2019) (declining to read in language Congress did not use); **Fogerty v. Petroquest Resources, Inc. (In re Condor Ins. Ltd.)**, 601 F.3d 319, 324 (5th Cir. 2010) (declining to read in avoidance actions available under foreign law with §§ 547 and 548 as those excluded under § 1521(a)(7), saying "If Congress wished to bar all avoidance actions whatever their source, it could have stated so; it did not."). The Court takes this unambiguous implication and stops at the first canon of statutory construction—accepting the plain meaning of the statute. **Connecticut Nat'l Bank v. Germain**, 503 U.S. 249, 253–54 (1992).

Not only is this understanding consistent with most courts in the Fifth Circuit, and nation more broadly, but it practically makes sense. Allowing conversion to other chapters avoids the

unnecessary two-step process condemned by the Supreme Court in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 372–74 (2007). *See also Cardwell*, 2018 WL 4846520; *McLawchlin*, 511 B.R. 422.

In *Marrama*, a chapter 7 debtor was denied his right to convert to chapter 13 because he was not eligible to be a debtor under chapter 13 because the bankruptcy court had earlier found the debtor engaged in pre-petition bad faith. *Marrama*, 549 U.S. at 372. If the debtor was allowed to convert to chapter 13, as was his right to do under § 1307(a), he would have promptly re-converted back to chapter 7. *Id.* at 373–74. The Supreme Court refused to require this pointless dance. So too, if a chapter 12 debtor is only permitted to convert to chapter 7, but their end goal is to be in a chapter 11 or 13, the two-step process contemplated by the minority of courts is pointless. *Cardwell*, 2018 WL 4846520; *McLawchlin*, 511 B.R. 422.

### d. WEIGHING PREJUDICE TO THE PARTIES

Ramos argues the Court should not allow the Debtors to convert to Chapter 11 because she would be greatly prejudiced by such conversion. Ramos argues that if the Gawliks' bankruptcy cases were dismissed[5] and re-filed as chapter 11 cases, Ramos would be deprived of her right under § 362(c)(3) to oppose the re-imposition of the automatic stay on the re-filed cases. In some jurisdictions and for some cases that might be a valuable right, but in this case in this circuit, it is not. Under the Fifth Circuit's interpretation of § 362(c)(3) in *Rose* even if a bankruptcy court denies a debtor's motion to reimpose the automatic stay, a debtor still benefits from the automatic stay with respect to property of the estate. *Rose*, 945 F.3d at 230. The reimposition only concerns

---

[5] The Debtors also had the option to convert their cases to chapter 7 cases, which would be substantially more prejudicial to the Debtors than converting to chapter 11 cases. The differences between a reorganization case like a chapter 11 and a liquidation case like chapter 7 are stark. In acknowledgement of those differences and the Court's *Opinion and Order*, the Gawliks chose to convert to chapter 11 in an attempt to reorganize rather than liquidate their assets and debts or have their cases dismissed.

6

the debtor; the debtor's property was, is, and continues to be protected by the automatic stay regardless of a motion to reimpose the stay. *Id*. Given the limited valuable non-exempt property in the Gawliks' estates and the availability of stay relief, Ramos's § 362(c)(3) prejudice appears insignificant at best.

Notwithstanding her arguments regarding § 362(c)(3) prejudice, the real prejudice Ramos seeks to avoid is having to defend a § 547 preference action brought by the Debtors as debtors-in-possession. If the Court dismisses the Gawliks' chapter 12 cases (for ineligibility), as opposed to allowing them to convert to chapter 11 cases, the limitations period to bring § 547 preference actions against Ramos under § 546(a) may expire and prevent the Gawliks' estates from realizing on a potentially valuable asset of each of their estates, which would be extremely prejudicial to each Debtor's estate (and the creditors of that estate). Thus, any prejudice to Ramos would be outweighed by the substantial prejudice to the Gawliks and all their other creditors. All creditors potentially benefit from the success of a preference action which may bring assets back into the estate. Failing to allow that to occur would prejudice all other creditors and be inequitable.

Finally, Ramos did not act quickly in seeking to challenge the Debtors' eligibility to remain in chapter 12, which weighs against Ramos's assertions of prejudice. The Court entered an order converting the Debtors' cases from chapter 13 to chapter 12 on October 11, 2024, and other than Ramos's limited resistance at that conversion hearing, Ramos did not file a motion to have the Debtors declared ineligible for chapter 12 until almost 10 months later on July 3, 2025. Ramos's delay in raising the Gawliks' ineligibility should not prejudice the Gawliks' estates.

No other grounds for prejudice have been stated, and Ramos has not presented sufficient evidence to find allowing the Gawliks to convert their cases to chapter 11 would be so inequitable

7

to Ramos as to weigh against allowing each Debtor to convert his case. As such, the Court will allow each Debtor to convert his chapter 12 case to chapter 11.

V. <u>CONCLUSION</u>

Because § 1208(e) implies a debtor may convert their chapter 12 case to chapter 11, the Bankruptcy Code permits the conversion sought by each Debtor in their *Motion to Convert*; and because the Court has weighed the prejudices relevant to the competing interests at play and entered findings on the record at the hearing, the Court has previously granted each Debtor's *Motion to Convert*.

# # #